RUEL W. HANSCOM *vs.* JOHN W. BUFFUM and trustee.

Kennebec, 1876.—November 18, 1876.

*Assignment.*

An insolvent debtor gave preference to the firm of Whitehouse & Gould, paying half their account, and immediately assigned to Whitehouse the residue of his property for the benefit of his creditors. After the assignee settled his final account in probate, from which no appeal was taken, he was summoned as trustee of the insolvent debtor, by the plaintiff, who was not a party to the assignment. *Held*: 1. That Whitehouse was not chargeable as trustee; 2. That such preference was not fraudulent at common law; 3. That though such conveyance is declared void by the statute, it is only so in behalf of creditors who become parties to the assignment; 4. That the remedy for the creditors who have become parties to the assignment is in the probate court, to require the assignee to account for such property in the settlement of his account.

ON REPORT.

ASSUMPSIT, on account annexed, to which no defense was made. The contention was, as to the liability of the alleged trustee, on facts appearing in the opinion.

*J. Baker*, for the plaintiff.

*W. P. Whitehouse*, for the alleged trustee.

LIBBEY, J. This case comes before this court on report of the disclosure of the trustee and the evidence taken, to be considered as if allegations had been filed under the statute; and the court is to determine whether the trustee is chargeable, and if so, for how much. From the disclosure and the evidence it appears that on the 18th or 19th of July, 1870, Buffum, the principal defendant, was insolvent; that Whitehouse & Gould, a firm composed

of Whitehouse, the trustee, and Oliver Gould, were creditors of Buffum, to about $800 ; that Buffum contemplated making an assignment for the benefit of his creditors, under R. S. of 1857, c. 70, and act of 1859, c. 112, additional thereto ; that he met Whitehouse and communicated to him his purpose; and it was then agreed between the parties, that Buffum should convey to Whitehouse and Gould a portion of his goods of the value of about $400, for the purpose of giving them a preference over his other creditors; and the conveyance was made by Buffum, and received by Whitehouse & Gould for that purpose, and applied in part payment of their debt; and afterwards, on the 19th of July, 1870, Buffum made an assignment of all his property not exempt from attachment, to Whitehouse, for the benefit of his creditors. Whitehouse accepted the trust ; and it is not claimed that his subsequent proceedings in probate court were not in conformity to the provisions of the statute. He accounted for all the property that passed to him by virtue of the assignment, except the goods sold to Whitehouse & Gould as aforesaid; and made an equal distribution of the same, and paid over to the creditors who became parties to the assignment, prior to the service of the plaintiff's writ. The sale of the goods to Whitehouse & Gould was made as part payment of their debt; and was without fraud, except the design of giving a preference to them over other creditors.

Plaintiff claims that the trustee is chargeable on two grounds :

First. That the sale of the goods to Whitehouse & Gould was fraudulent as to the creditors of Buffum. R. S., 1857, c. 86, § 63.

Second. That by virtue of the assignment, the goods sold to Whitehouse & Gould passed to Whitehouse as assignee ; and as he did not account for them in his settlement in the probate court, he is chargeable for the amount or excess of the estate remaining in his hands after the payment of the debts of the parties to the assignment and lawful expenses. Acts of 1859, c. 112, § 1.

The trustee is not chargeable on the first ground claimed by the plaintiff. The case is not within the provisions of R. S., 1857, c. 86, § 63. That statute is applicable only to conveyances fraudulent and void as to creditors at common law. At common law,

a payment, by an insolvent debtor, of the debt of one creditor for the purpose of giving him a preference over his other creditors, was not void as to them.

The act of 1859, c. 112, § 2, did not change the common law as to the right of an attaching creditor. By that statute a conveyance or transfer by the assignor, previous to making the assignment in contemplation thereof, to a pre-existing creditor in payment of his debt, with the design to give him a preference, is void ; and the property so conveyed passes to the assignee by virtue of the assignment, to be held by him as assets for the benefit of creditors ; and he is clothed with all necessary power to recover, receive and collect the same. The words of the statute avoiding conveyances made in contemplation of insolvency, to one creditor, with the design of giving him a preference over other creditors, are general ; but they are to be construed in connection with, and are limited by, the subject to which they relate. The object of the statute is to secure an equal distribution of the estate of the insolvent debtor among all of his creditors. Such conveyance is void only as against the assignment. The statute does not affect the conveyance prior to making the assignment. It applies only to a conveyance or transfer made by the assignor ; and the property passes to the assignee to be held by him in trust for the benefit of all the creditors who become parties to the assignment. The provisions of the statute are made for the benefit of those who come in under it to share the effects of the insolvent equally, and are not to be extended to him who refuses to come in under the assignment, and yet would avail himself of the terms of the act to secure his whole debt. If the statute affected the conveyance or transfer before the assignment, and rendered it void as to attaching creditors, then before the assignment, one creditor might attach and hold the property thus conveyed, and prevent its passing to the assignee by virtue of the assignment, as the assignment does not dissolve prior attachments, and thus defeat the main purpose of the act, the equal distribution of the estate of the insolvent debtor among his creditors. *Penniman* v. *Cole*, 8 Met. 496.

Nor is the trustee chargeable on the second ground claimed by plaintiff. He never, as assignee, recovered possession of the goods

conveyed by the debtor to Whitehouse & Gould, as part of the estate of the debtor ; and those goods were not an excess of the estate of the debtor remaining in his hands after the payment of the debts of the parties to the assignment, and lawful expenses. As between Whitehouse & Gould, and any creditor not a party to the assignment, they had a right to hold the property conveyed to them by the debtor. No creditor, not a party to the assignment, had a right to impeach their title. When the assignee has taken from the assignor, before the assignment, a conveyance of property for the purpose of obtaining a preference, the remedy for the creditors who have become parties to the assignment, is in the probate court to require the assignee to account for such property in the settlement of his account. *Trustee discharged.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.